```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDUL H. FRAZIER,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIE BONDS, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-16774 (JBS-DEA)<br><br>**OPINION** |

APPEARANCES:

Abdul H. Frazier, Plaintiff Pro Se
194759E/994898
New Jersey State Prison
PO Box 861
Trenton, New Jersey 08625

**SIMANDLE, District Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff Abdul Frazier's ("Plaintiff"), submission of a civil rights complaint. [Docket Entry 1]. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915 to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff, a state prisoner formerly confined at South Woods State Prison ("SWSP"), is partially paralyzed in his lower extremities due to extensive nerve damage from gunshot wounds. [Complaint ¶ 11]. An "I.V.C. filter" and mesh device are implanted inside of Plaintiff. [*Id.*]. Plaintiff uses a catheter and a wheelchair. [*Id.* ¶ 12]. He states that he takes "an elixir of medication to alleviate the excruciating pain that he endures daily, in society." [*Id.*]. He alleges that his pain medication has been reduced to a level that is not able to treat his pain. [*Id.* ¶ 13].

Plaintiff states that he submitted a sick-call slip on approximately August 17, 2018 complaining of pain in his back. [*Id.* ¶ 14]. He was examined by a registered nurse on August 21, 2018 who told him that he would be placed on a list to see a doctor. [*Id.* ¶ 15]. Plaintiff was never examined by a doctor, but five dollars was deducted from his inmate account as a co-payment anyway. [*Id.*]. Plaintiff submitted a grievance about the charge when he was never examined by a physician. [*Id.* ¶ 16]. SWSP refunded the five dollars. [*Id.* ¶ 17]. Plaintiff still did

not receive an examination from a doctor for his back pain. [*Id.*].

On August 31, 2018, the Special Investigation Division ("SID") searched Plaintiff's wheelchair and found 15 pills inside the frame. [*Id.* ¶ 18]. Plaintiff asserts that other inmates have access to this wheelchair and the pills are not his prescribed medication. [*Id.* ¶ 19]. He was charged with misuse of medication and taken off his pain medication and placed on Motrin. [*Id.* ¶ 20]. Plaintiff submitted a sick-call slip on September 5, 2018 complaining of pain in his legs, back, and neck and stating that the Motrin was not helping. [*Id.* ¶ 21]. Plaintiff saw a registered nurse on September 7, 2018 and was told he would be seen by a doctor within a week, but he never did. [*Id.* ¶ 22]. He submitted a second sick-call slip on September 15, 2018. [*Id.* ¶ 23]. He also filed a grievance about not being seen by a doctor. [*Id.*].

Nurse Ripley saw Plaintiff on September 17, 2018. [*Id.* ¶ 24]. She increased his Motrin dosage from 400 mgs twice a day to 400 mgs three times a day but told Plaintiff he would ultimately "have to 'deal with the pain.'" [*Id.* ¶ 25]. Plaintiff filed another sick-call slip on September 29, 2018 due to excruciating pain. [*Id.* ¶ 23]. Anthony Thomas, the SWSP Ombudsman Advocate, told Plaintiff that Plaintiff was scheduled to be taken to medical to address his concerns. [*Id.* ¶ 24]. Plaintiff states

3

that he has not had medical attention for his pain in spite of filing multiple requests. [*Id.* ¶ 27].

Plaintiff raises claims of cruel and unusual punishment, denial of due process, and violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq. He seeks damages and injunctive relief in the form of medical care.

### III. STANDARD OF REVIEW

#### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

4

plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**C. The Americans with Disabilities Act**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To

establish a violation of Title II, Plaintiff must allege: "(1) that he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Dahl v. Johnston*, 598 F. App'x 818, 819-20 (3d Cir. 2015) (citing 42 U.S.C. § 12132); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 553 n.32 (3d Cir. 2007).

## IV. ANALYSIS

Plaintiff raises against the New Jersey Department of Corrections ("NJDOC"), SWSP, University Correctional Health Care ("UCHC"), SWSP Administrator Willie Bonds, Dr. Sherita Collier, Nurse Jennifer Farestad, Nurse Ripley, and Ombudsman Thomas pursuant to 42 U.S.C. § 1983 and the ADA. [Complaint ¶¶ 42-45].

**A. ADA Claims**

Plaintiff alleges defendants violated Title II of the ADA by failing to provide him with a doctor's visit and other medical attention. [*Id.* ¶¶ 42-43]. The Court will dismiss the ADA claims with prejudice for failure to state a claim because this claim is a medical malpractice or Eighth Amendment claim, not an ADA claim.

"The treatment (or lack thereof) of a prisoner's medical condition typically does not provide a basis upon which to

7

impose liability under the ADA." *McClintic v. Pa. Dep't of Corr.*, No. 12-6642, 2013 WL 5988956, at *11 (E.D. Pa. Nov. 12, 2013). *See also Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006) (noting that denial of medical treatment for disabilities "is not encompassed by the ADA's prohibitions"); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (concluding that a lawsuit under the ADA "cannot be based on medical treatment decisions"); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions do not ordinarily fall within the scope of the ADA); *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) ("[T]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("He is complaining about incompetent treatment of his paraplegia. The ADA does not create a remedy for medical malpractice."). Plaintiff's allegations that defendants did not sufficiently treat his disability are not properly brought under the ADA. Plaintiff's ADA claims are therefore dismissed with prejudice for failure to state a claim.

**B. Eighth Amendment**

Plaintiff's remaining claims are filed pursuant to 42 U.S.C. § 1983. He alleges defendants displayed deliberate indifference to his medical needs by discontinuing his pain

medication without consulting a doctor and failing to permit him to consult with a doctor. [Complaint ¶¶ 42-45]. He also asserts failure to intervene claims.

"The Eighth Amendment, through its prohibition on cruel and unusual punishment, prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534, (3d Cir. 2017) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). "[P]rison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To succeed on his Eighth Amendment claim, Plaintiff "must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his] medical needs' and (2) an objective showing that 'those needs were serious.'" *Id.* (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Plaintiff alleges that he is paralyzed as the result of several gunshot wounds with several bullet fragments remaining in his back. The Court presumes for screening purposes he has sufficiently pled serious medical needs as a result of his injuries.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, the Court finds that

Plaintiff has sufficiently pled Eighth Amendment claims against Dr. Collier, Nurse Farestad, Nurse Ripley, and Ombudsman Thomas for denial of medical care for an obviously serious medical condition and failure to intervene.

Nurse Ripley examined Petitioner and increased his Motrin dosage but allegedly told him he would ultimately "have to 'deal with the pain.'" [Complaint ¶ 25]. This comment could be considered circumstantial evidence of deliberate indifference towards Plaintiff's medical needs when the Motrin again proved insufficient. Plaintiff further alleges Nurse Farestad discontinued his pain medication and replaced it with Motrin after pills were found in his wheelchair.[2] [*Id.* ¶ 3]. He alleges Nurse Farestad did not consult with a doctor before changing the medication and that there was no medical reason for the change in medication. [*Id.*]. Failure to exercise professional judgment is indicative of deliberate indifference. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

Plaintiff alleges that Ombudsman Thomas and Dr. Collier were informed that Plaintiff was not receiving medical care but did not take steps to remedy the situation. "Under § 1983, 'a

---

[2] Plaintiff states the pills were not his prescribed medication. [Complaint ¶ 19].

supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.'" *Diaz v. Palakovich*, 448 F. App'x 211, 215 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 & n.5 (3d Cir. 2010) (omission in original)). *See also A.M. ex rel. J.M.K. v. Luzerne Cnty.*, 372 F.3d 572, 586 (3d Cir. 2004). Acquiescence can be shown by failing to take sufficient, corrective action regarding a known constitutional violation. *See A.M.*, 372 F.3d at 586. Here, repeatedly promised doctor visits never materialized despite complaints of severe pain emanating from a known serious medical condition, under Plaintiff's allegations. Therefore, Plaintiff has sufficiently pled an Eighth Amendment claim against Ombudsman Thomas and Dr. Collier.

Plaintiff has not sufficiently pled an Eighth Amendment claim against Administrator Bonds because he has not stated any facts about Administrator Bonds' personal involvement. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisory defendant may be liable if he, "with deliberate indifference to the consequences, established and

maintained a policy, practice or custom which directly caused the constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Deliberate indifference may be shown through facts that indicate "a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's," or "that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and failure of supervisory officials to respond will alone' support the finding that the two-part test is met." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 136-37 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)).

Plaintiff has failed to state a claim against Administrator Bonds under either theory of liability. Plaintiff's cursory invocation of "policies, procedures, and practices," [Complaint ¶ 1], is insufficient to state a claim as he does not identify what "policies, procedures, and practices" Administrator Bonds initiated and how they violated Plaintiff's constitutional rights. Plaintiff also has not provided any facts suggesting Administrator Bonds was aware of the ongoing violations and had a reasonable opportunity to intervene.[3] If facts supporting good

---

[3] To plead a failure to intervene claim, Plaintiff must plead facts indicating that: (1) the officer failed or refused to intervene when a constitutional violation took place in his presence or with his knowledge; and (2) there was a "realistic

12

grounds for liability of Administrator Bonds come to light, Plaintiff may attempt to amend his complaint by appropriate motion to the Court, pursuant to Rule 15(a), Fed. R. Civ. P. The Court will dismiss Administrator Bonds from this action without prejudice.

The Court will also dismiss the claims against SWSP and UCHC. SWSP is part of the NJDOC and is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

In order for UCHC to be liable under § 1983 for the actions or inactions of its employees, Plaintiff must allege that a policy or custom of that entity caused the alleged constitutional violations. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Bd. Of Cnty. Comm'rs of Bryan Cnty. Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Defreitas v. Montgomery Cnty. Corr. Facility*, 525 F. App'x 170, 177 (3d Cir. 2013) (listing three ways a policy or custom can be established). Plaintiff has not specified a relevant UCHC policy or custom that violated his

---

and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 650–51 (3d Cir. 2002).

constitutional rights, nor has he alleged that UCHC violates federal law in the absence of a formally announced policy. There are insufficient facts in the complaint to suggest that there is an obvious need for UCHC "to take some action to control [of its agents] . . ., and the inadequacy of existing practice [is] so likely to result in the violation of constitutional rights, that [UCHC] can reasonably be said to have been deliberately indifferent to the need." *Defreitas*, 525 F. App'x at 177 (internal citations omitted). The claims against UCHC are dismissed without prejudice.[4]

The claims against the NJDOC will be dismissed as it is immune from suit in federal court for monetary damages under the Eleventh Amendment as a state agency. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).[5] The NJDOC is dismissed with prejudice as immune from suit.

---

[4] Plaintiff must comply with Federal Rule of Civil Procedure 15 in the event he elects to move to amend any of his claims that were dismissed without prejudice.
[5] The injunctive relief claims against the individual defendants in their official capacities may remain, however. *See Ex parte Young*, 209 U.S. 123 (1908).

**C. Denial of Due Process**

Plaintiff asserts he was denied due process when defendants discontinued his pain medication before being found guilty of a disciplinary infraction. [Complaint ¶ 45]. The Court dismisses this claim with prejudice for failure to state a claim.

"Under procedural due process, the plaintiff's interest must fall within the scope of 'life, liberty, or property.'" *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). "A prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 140 (2d Cir. 2000)). The Court will permit Plaintiff's Eighth Amendment claims to proceed on the grounds that the change in medication subjected him to cruel and unusual punishment, but the due process claim will be dismissed because Plaintiff has no property interest in a specific medical treatment.

**V. CONCLUSION**

For the reasons stated above, the ADA claims and claims against the New Jersey Department of Corrections and South Woods State Prison are dismissed with prejudice. Plaintiff's claims against Willie Bonds and University Correctional Health Care are dismissed without prejudice for failure to state a claim. Plaintiff's denial of medical care and failure to intervene

15

claims against Dr. Sherita Collier, Jennifer Farestad, Nurse Ripley, and Anthony Thomas shall proceed.

An appropriate order follows.

**May 6, 2019**                                  **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                           U.S. District Judge